UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 16-272-HRW

WALTER SHELTON BENEDICT,                                            PLAINTIFF,

v.                        **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits in January 2013, alleging disability beginning in May 2012, due to fibromylagia, fibrosis and OCD (Tr. 280)[1]. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Karen R. Jackson (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Betty Hale, a vocational expert (hereinafter

---

[1] At the administrative hearing, he included back pain as a disabling impairment (Tr. 54-55).

"VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 40 years old on the date of the alleged onset of disability. He has a high school education education (Tr. 281). His past relevant work experience consists of work as a Bindery supervisor (Tr. 281).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 19).

The ALJ then determined, at Step 2, that Plaintiff suffers from right carpal tunnel syndrome, OCD, pain disorder, generalized anxiety disorder, obesity, fibromyalgia and rule-out cognitive disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 19-

2

20).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 20-22).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 27) but determined that he has the residual functional capacity ("RFC") to perform light work with the following limitations:

> Stand, walk, and sit for up to six hours each in an eight-hour day; Occasionally stoop, kneel, crouch, crawl, and climb ramps or stairs; Never climb ladders, ropes, or scaffolds; Avoid exposure to hazards, full-body vibration, and use of vibratory hand tools; Occasionally reach overhead; Frequently handle and finger; Perform simple routine tasks; Concentrate for two-hour segments during an eight-hour day; Interact occasionally with supervisors and co-workers in a non-public work setting involving an object-focused work environment; Adapt to gradual changes in a routine work environment; and Have no requirement for fast-paced production.

(Tr. 22).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 24). Therefore, the ALJ found Plaintiff to ne not disabled at Step 5 of the sequential evaluation process. The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff contends that the ALJ erred at Step Two of the sequential analysis by failing to find that his spine impairments, depression, panic attacks, sleep apnea and hypothyroidism are "severe", as defined by the relevant regulations.

It is the burden of the claimant to prove the severity of her impairments. *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986). The Court is mindful of the fact that the Step 2 severity regulation, codified at 20 C.F.R. §§ 404.1520© and 404.1521, has been construed as a *de*

*minimus* hurdle and that, in the majority of cases, "a claim for disability may not be dismissed without consideration of the claimant's vocational situation". *See Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988).

Given that the ALJ did, in fact, find some impairments which passed the Step 2 hurdle, and continued with the sequential evaluation of Plaintiff's claim, detracts from Plaintiff;'s contention that any alleged error at Step 2 warrants remand. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

What Plaintiff appears to be arguing is that the ALJ did not take into account all the evidence, medical and otherwise, in formulating the RFC. In reviewing the decision of the Administrative Law Judge (ALJ) in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the Administrative Law Judge must stand if the evidence could reasonably support the conclusion reached." *Alexander v. Apfel*, 2001 WL 966284 (6th Cir. 2001)(*citing Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court, however, finds that the ALJ extensively analyzed the doctors' reports in question and determined their credibility by looking at the objective medical records. The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques." 20

C.F.R. §404.1527(d)(2). If an ALJ does not find a treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified. *Bogle v. Sullivan*, 998 F.2d 342, 347-49 (6th Cir. 1993).

It also evident from the ALJ's decision that she considered Plaintiff's testimony in making her determination. It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, his conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987).

The Court finds no error in the ALJ's analysis. Although the burden is upon him, Plaintiff fails to show what, exactly, in the record would support additional limitations, or what those limitations might be.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 19th day of September, 2017.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge